## RHOADES ET AL. v. HIGBEE.

1. PLEADING—EJECTMENT.
A complaint which alleges that plaintiff is the owner in fee simple and entitled to the possession of a certain tract of land, and that before the bringing of the action the defendants wrongfully, unlawfully and forcibly entered upon and took possession of the same, ousted the plaintiff therefrom, and still continue unlawfully and wrongfully to withhold and retain the same, states a cause of action.

2. SAME—ADMISSIONS.
By failing in the answer to deny plaintiff's allegations of ownership, and that defendants are in possession of the land in controversy, the defendants admit that such averments are true.

3. SAME—DENIALS.
A denial by the defendants that their possession of the property is wrongful does not negative any material allegation of the complaint.

*Error to the District Court of Bent County.*

THE complaint in this case alleges that plaintiff Higbee is the owner, in fee simple, and entitled to the possession of a certain quarter section of land situate in Bent county, Colorado; that before the bringing of this action the defendants wrongfully and unlawfully and forcibly entered upon and took possession of the same, and ousted the plaintiff therefrom, and still continue unlawfully and wrongfully to withhold and retain from plaintiff the possession of the same.

In the complaint there is stated a good cause of action to recover possession of real property under chapter 23 of our

code. In addition to the matters that are properly contained in a complaint in such an action, there are a number of other allegations which, in substance, disclose the following state of facts:

At the September, 1890, term of the district court of Bent county, Rhoades et al. (who are plaintiffs in error here and were defendants below in the case at bar), as plaintiffs, instituted an action in the nature of an action of ejectment against William Higbee, who is defendant in error here, and who was plaintiff in this action below. In that original ejectment action Rhoades et al. recovered a judgment for the possession of a certain strip of land about 72 feet in width by one half mile in length, and a writ of restitution was awarded them to enforce the judgment.

In January, 1891, the sheriff, in attempting to execute the foregoing writ put Rhoades et al. into possession not only of the strip of land theretofore awarded to them by the said judgment, but also into the possession of an additional strip of land about 99 feet in width and half a mile long, lying immediately north of and adjacent to the foregoing strip.

In March, 1891, this action which we are now considering was instituted by Higbee in the same district court to recover the possession of the aforesaid strip of land 99 feet in width. This complaint further charges that the sheriff, in attempting to execute the writ of restitution, construed said judgment and the writ of restitution as embracing a strip of land aggregating in width the two strips hereinbefore described, and put Rhoades et al. into possession of both, which they still retain.

There are other allegations in the complaint, upon which was based an application for a temporary writ of injunction, but they are unnecessary to be considered here. For the purposes of this decision, the foregoing summary of the complaint is all that is necessary.

Mr. H. V. COOKE, for plaintiffs in error.

Mr. CHARLES M. RIGLEY, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

A demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, was filed by the defendants to this complaint, and overruled by the court. This ruling was proper, because, as has been stated, the allegations of the complaint were sufficient to constitute the action one for the recovery of the possession of real property.

Upon the overruling of the demurrer, the defendants, Rhoades et al., filed an answer in which they denied that the sheriff wrongfully placed them in the possession of any land to which they were entitled under the judgment set out in the complaint. They further denied that *the sheriff* placed them in possession of any part of the quarter section of land described in the complaint, and denied that they had ever entered upon any lands awarded to the plaintiff.

Upon the supposed issues thus joined a trial was had to the court without a jury, apparently by agreement of the parties. The only evidence offered on the trial was that introduced by the plaintiff, Higbee, and consisted of the instructions of the court, the verdict of the jury, and the judgment of the court in the original ejectment action. The defendants, Rhoades et al., offered no testimony whatever.

From this evidence the court made a finding to the effect that the intention of the verdict as returned by the jury and the judgment as entered of record by the clerk was to award to Rhoades et al., plaintiffs in the original case, only the land described as the strip 72 feet in width by half a mile in length. Upon such finding the court made an order directing the clerk of the court to correct the records by entering therein a reformed judgment, which the court prepared, and which is set out in the bill of exceptions in this case, which correctly, according to this finding, expressed the judgment which, as a matter of fact, was rendered and pronounced by the court at the September, 1890, term in the ejectment ac-

tion, and which, as thus corrected, more clearly described the strip of land 72 feet wide which the court and jury evidently intended to award to Rhoades et al. in that action.

In addition to such decree and order making the foregoing correction, the court below adjudged that the plaintiff, Higbee, recover from the defendants, Rhoades et al., possession of that strip of land 99 feet wide by half a mile long lying immediately north of and adjoining the strip of land 72 feet wide described above.

Exactly upon what theory, under the complaint in this case and in this character of an action, the district court corrected the original judgment pronounced in the first action, we are at a loss to know; but the decision of this case does not call for any determination by us of the correctness or incorrectness of such ruling.

Under our construction of the pleadings in this case, the court was fully justified in finding, as a matter of law, upon the complaint and answer, that the plaintiff, Higbee, was entitled to recover the possession of the strip of land in controversy in this action, viz., the strip 99 feet wide by half a mile in length.

It will be observed that the complaint alleges that the plaintiff, Higbee, was seized in fee of the premises in controversy and entitled to its possession; that the defendants wrongfully ousted plaintiff therefrom, and still wrongfully and unlawfully withhold possession thereof from the plaintiff.

In their answer defendants do not deny the ownership of the plaintiff. They do not deny that they are in possession of the property. By failing to deny the allegations of the complaint so charging, they admit that they are in possession, and that plaintiff is the owner. They deny that the *sheriff* wrongfully put them into possession of any land to which they were entitled under the original judgment; and deny that the *sheriff* put them into possession of any portion of the 160 acre tract described in the complaint. They fur-

ther deny that they entered into possession of any land awarded to the plaintiff, Higbee.

As has been said, however, there is no denial in the answer of plaintiff's ownership or that the defendants were in actual possession of the property in controversy at the time this action was instituted. The denial that the sheriff put them into possession of any part of the quarter section in dispute is not at all inconsistent with the fact that they, themselves, entered into and took possession thereof, and still retain the same, and the complaint so charges. We see no pertinency in the denial that defendants entered upon any lands awarded to the plaintiff, Higbee, as there is nothing either in the complaint or the answer to show that any award of land had ever been made to Higbee.

The denials of this answer do not in any way put in issue the material allegations of the complaint. The most that can be contended is that the defendants merely deny that their possession of the property was wrongful. This is only a conclusion of law and does not negative any material allegation of the complaint.

It appearing from the pleadings that the undisputed facts are that the defendants wrongfully took possession of, and wrongfully withheld from the plaintiff, this strip of land 99 feet wide and half a mile long, of which the plaintiff was at the time seized and of which he was entitled to the possession, the action of the court in giving judgment for the plaintiff for the recovery of the possession of the property was right. It is immaterial that the decree of the court also provided for the correction of the judgment in the ejectment action, and this is so even though such ruling was wrong. *Payne et al. v. Treadwell*, 16 Cal. 221; *F. A. Hihn Co. v. Fleckner*, 39 Pac. Rep. 214.

It follows that the judgment should be affirmed.

*Affirmed.*